UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | CRIMINAL NO.  05-456 (RWR) |
| : | |
| **RAOUL LAWRENCE,** : | |
| : | |
| **Defendant.** : | |

### GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT RULE 404(b) EVIDENCE AT TRIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this Motion *In Limine* Regarding Rule 404(b).  In support thereof, the United States submits the following points and authorities and any other such evidence or argument as may be adduced at a hearing on the Motion.

### FACTUAL BACKGROUND

Defendant Raoul Lawrence is charged with conspiracy to possess with the intent to distribute and distribute 50 grams or more of cocaine base, also known as crack, and a quantity of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.  In support of this criminal charge the government intends to establish at trial that between December 1999 and July 2001, defendant Lawrence conspired with others, to include Thomas Jackson, to possess and distribute large quantities of crack and powder cocaine in the District of Columbia.  He and others used pager devices and cellular telephones to facilitate their drug trafficking and related activities and their criminal conduct occurred at various locations, to include 200 K Street, NW, D.C., 6th and Florida Avenue, Northwest, D.C., and 4th and Rhode Island Avenue, Northeast, D.C.  These locations were

maintained for the manufacturing, use, and distribution of controlled substances and for the transfer of cash for illegal narcotics.

The United States now seeks permission from this Court, pursuant to Rule 404(b) of the Federal Rules of Evidence, to introduce evidence of defendant Lawrence's drug trafficking activities in January 2001 as evidence of his intent, knowledge, plan, and absence of mistake in engaging in the charged conduct between December 1999 and July 2001. More specifically, the government wants to introduce the following evidence against him. On January 18, 2001, law enforcement officials executed a search warrant at Lawrence's residence located at 4305 57th Avenue, Apt. 10, Bladensburg, Maryland. On this occasion, officers recovered 510 grams of crack, 2.5 ounces of phencyclidine, and various types of drug paraphernalia. Defendant Lawrence ultimately pleaded guilty for this criminal offense and, as a result, he received an August 28, 2001, conviction for possession with the intent to distribute a controlled substance.

**ARGUMENT**

**I.    Rule 404(b) Permits the Introduction of Facts Concerning Defendant's Additional Narcotics Possession and Related Activities.**

At trial in this case, the Government will seek, pursuant to Rule 404(b) of the Federal Rules of Evidence, to introduce evidence of defendant Lawrence's drug and contraband possession on or about January 18, 2001, to prove his intent, knowledge, plan, and absence of mistake to conspire and commit drug trafficking between December 1999 and July 2001.[1] This evidence will not be offered

---

[1] The government's 404(b) evidence might include, at a minium, officers' testimony of their eyewitness observations of the defendant and others conduct at the scene, officers' testimony concerning physical evidence recovered from the defendant's residence, and the testimony of cooperating witnesses concerning their travel and associations with the

to prove the defendant's character. See Fed. R. Evid. 404(b).

Federal Rule of Evidence 404(b) is "a specialized rule of relevancy." United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984). Specifically, Rule 404(b) places only a single restriction on the introduction of evidence of a person's bad acts: such evidence is inadmissible to prove "the character of a person in order to show action in conformity therewith." Fed R. Evid. 404(b); see also United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002) (rule governing admission of other acts evidence never bars the admission of evidence, but only prohibits the admission of other crimes evidence for the purpose of proving a person's actions conformed to his character; rule bars not evidence as such, but a theory of admissibility); United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994) ("As this court has stated previously, '[o]nly one series of evidential hypotheses is forbidden in criminal cases by Rule 404: a man who commits a crime probably has a defect in character; a man with such a defect in character is more likely than men generally to have committed the act in question.'") (quoting Moore, 732 F.2d at 987 n.30). "Other crimes" evidence thus is admissible under Rule 404(b) as long as it is relevant in any way other than by using the prohibited inference of bad conduct from bad character. See, e.g., United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (finding that "under Rule 404(b), any purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character"); see also United States v. Linares, 367 F.3d 941, 949 (D.C. Cir. 2004) (corroboration does not provide a separate basis for admitting propensity evidence; prior acts evidence must corroborate other evidence by proving a proper element, such as intent or identity).

The D.C. Circuit reaffirmed the position that Rule 404(b) is a "rule of inclusion rather than

---

defendant prior to his acquisition of the drugs and contraband.

of exclusion." United States v. Bowie, 232 F.3d 923, 929-30 (D.C. Cir. 2000). Moreover, in United States v. Crowder, 141 F.3d 1202 (D.C. Cir. 1998), the Court stated: "We have recognized before that although the first sentence of Rule 404(b) is framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance -- for the purpose of proving that a person's actions conformed to his character." Id. at 1206 (internal quotations and citation omitted). In determining the admissibility of 404(b) evidence, courts undertake a two-part analysis. Moore, 732 F.2d at 987. Initially, the Court considers whether the evidence is relevant pursuant to the standard set forth in Rule 404(b). Bowie, 232 F.3d at 930; United States v. Brown, 16 F.3d 423, 430-31 (D.C. Cir. 1994); Moore, 732 F.2d at 987. "[U]nder Rule 404(b), any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove bad character." Miller, 895 F.2d at 1436.[2] If the Court deems the evidence to be relevant, the Court then must determine whether the prejudicial impact of the testimony or evidence substantially outweighs its probative value. See Fed. R. Evid. 403; Bowie, 232 F.3d at 930; Brown, 16 F.3d at 431; Moore, 732 F.2d at 987.[3] In close cases, the rule tilts toward the admission of the prior misconduct evidence. Id. at 989; see also United States v.

---

[2] In the context of 404(b), similar act evidence may be admissible if the jury can reasonably conclude that the act occurred and that the defendant was the actor. Huddleston v. United States, 485 U.S. 681, 689 (1988). The trial court, in determining whether the 404(b) evidence is to be admitted, examines all evidence in the case and decides whether a jury could reasonably find, by a preponderance of the evidence, the foundational or conditional fact that the defendant engaged in the conduct. Id. at 690; United States v. Clarke, 24 F.3d at 258.

[3] Naturally, nearly all evidence offered by the government in a criminal proceeding will be prejudicial to the defendant. However, it is only when the prejudicial effect of the evidence is unfair and substantially outweighs the probative value of the evidence that the evidence should be excluded. Moore, 732 F.2d at 989. In making this determination, the trial court is granted wide latitude and its decision will be reviewed only for "grave abuse." United States v. Washington, 969 F.2d 1073, 1081 (D.C. Cir 1992).

James Johnson, 802 F.2d 1459, 1463-64 (D.C. Cir. 1986) ("the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged.") (quoting United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978)).

Subject to balancing, a court should admit 404(b) evidence to prove such elements if the 404(b) evidence requires the same intent as the charged offense, and the jury could conclude that the defendant committed the offense. See, e.g., United States v. Clarke, 24 F.3d at 264 (evidence of prior sales of cocaine by defendants admissible to establish intent regarding their possession of large amounts of cocaine on dates charged in the indictment); United States v. DeLoach, 654 F.2d 763, 769 (D.C. Cir. 1980) (the admissible bad acts need not show incidents identical to the events charged, so long as they are closely related to the offense); United States v. Green, 40 F.3d 1167, 1174 (11th Cir. 1994) (where defendant pleaded not guilty to narcotics conspiracy charge, he made intent a material issue in the case and warranted admission of prior arrest for possession of cocaine). As the Court recognized in United States v. Moore, 732 F.2d at 991, "the intent with which a person commits an act on a given occasion can many times be best proven by testimony or evidence of his acts over a period of time thereto, particularly when the activity involves a continuous course of dealing." See also United States v. Brown, 16 F.3d at 431 (evidence of subsequent possession of gun and beeper admissible to prove prior intent to distribute); United States v. Michael Johnson, 40 F.3d 436, 441 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as bearing on intent to possess); United States v. Jones, 476 F.2d 533, 536-37 (D.C. Cir. 1973) (affirming admission of prior narcotics sale due to similarity of drug sold, location of transaction, and to allow government to rebut defendant's denial of involvement with narcotics trafficking). Later acts are most likely to show the accused's intent when they are fairly recent and in some significant way

5

connected with prior material events. See, e.g., United States v. Watson, 894 F.2d 1345, 1349 (D.C. Cir. 1990) (evidence of defendant's post-arrest showing of narcotics to another person was admissible as evidence showing the defendant's intent and knowledge inasmuch as defendant denied ownership or knowledge of narcotics forming the basis of his earlier charge); United States v. Manner, 887 F.2d 317, 321 (D.C. Cir. 1989) (admitting evidence of cocaine sale that occurred ten weeks after the offense for which defendant was charged).

    In this case, defendant Lawrence is charged with conspiracy to possess with the intent to distribute and distribute controlled substances for facilitating the purchase and redistribution of cocaine. Pursuant to Rule 404(b), evidence concerning his cocaine and contraband possession on or about January 18, 2001, should be admissible to prove his intent, plan, knowledge, and absence of mistake in committing the charged offenses between December 1999 and July 2001. See, e.g., United States v. King, 254 F.3d 1098, 1100 (D.C. Cir. 2001) ("in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the same crime charged."); United States v. Crowder, 141 F.3d at 1208 n.5 ("A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them, and so forth."); United States v. Latney, 108 F.3d 1446, 1448-49 (D.C. Cir. 1997) (defendant's possession of crack approximately eight months after charged offense was admissible to show knowledge and intent as subsequent involvement in crack cocaine trade made it less likely that defendant was a mere bystander in earlier offense as suggested by counsel during cross-examination); United States v. Burch, 156 F.3d 1315, 1323-24 (D.C. Cir. 1998) (evidence of the defendant's prior arrest and

conviction for attempted possession with the intent to distribute crack was admissible evidence at defendant's current trial for narcotics offenses to show knowledge and intent where those issues were at stake in current trial); United States v. Denberg, 212 F.3d 987, 993-94 (7th Cir. 2000) (evidence that defendant engaged in prior uncharged methamphetamine deals was relevant to defendant's intent to distribute methamphetamine as well as his knowledge, experience, and ability to traffic in significant quantities of narcotics).

Where, as here, the similarity between the 404(b) evidence and the facts of the charged offenses are closely related, the courts weigh in favor of admitting the evidence. See United States v. Lopez-Martinez, 725 F.2d 471, 477 (9th Cir. 1984) (fact that eight years separated the 404(b) case from the arrest-generated case not controlling where the facts of the first case were similar enough to the second to be relevant); see also United States v. Hinton, 31 F.3d 817, 823 (9th Cir. 1994) (finding similarity between acts warranted admission of 404(b) evidence); United States v. Hadley, 918 F.2d 848, 851 (9th Cir. 1990) (approving use of evidence 10 years old because of similarity of conduct of defendant); United States v. Manner, 887 F.2d at 321 (closeness in time and fundamentally similar nature of a subsequent sale of narcotics to undercover officer admissible as 404(b) evidence in case where the defendant is charged with conspiracy to possess with intent to distribute narcotics). Moreover, even if some of the "other crimes" conduct occurred well before or after the charged conduct in this case, it would not diminish the relevance or probative value of the evidence to such extent that it should be inadmissible. Indeed, courts have admitted 404(b) evidence that occurred over significantly greater or less time periods than the charged conduct in this defendant's pending case. See United States v. Latney, 108 F.3d at 1448 (Rule 404(b) evidence of crack possession occurred approximately eight months after charged offense); United States v.

Chaidez, 919 F.2d 1193, 1202-03 (7th Cir. 1990) (events occurred over ten years prior to current criminal offense); United States v. Manner, 887 F.2d at 321 (admitting evidence of cocaine sale that occurred ten weeks after the offense for which defendant was charged); United States v. Hernandez, 896 F.2d at 522-23 (prior misconduct of co-defendants occurred six years and two years prior to current offense).

      Even where the evidence sought to be introduced pursuant to Rule 404(b) was the subject of a prior prosecution, this does not give rise to any constitutional implications. See United States v. Long, 328 F.3d 655, 661 (D.C. Cir. 2003) ("The other activity need not have resulted in a charge or conviction; indeed, the defendant may even have been acquitted of the conduct, or the conduct may have been entirely lawful."). Courts have uniformly held that evidence of prior bad acts which was the subject of a trial and resulted in an acquittal could nevertheless be introduced in a subsequent trial of the same defendant on other charges. For example, in United States v. Felix, 503 U.S. 378 (1992), a defendant was charged in Missouri with a drug offense which involved his conduct over a four-day period in August of 1987. Id. at 380-81. Later, he was charged in Oklahoma with narcotics conspiracy in that state. Id. at 382-83. The subject matter and time frame of the charged Oklahoma conspiracy encompassed activity on the same dates charged in the Missouri case, and evidence of the charged offenses in the Missouri case, in which the defendant had been convicted, was introduced as 404(b) evidence at the trial of the Oklahoma conspiracy case. Id. The Supreme Court held that such use of 404(b) evidence did not violate the double jeopardy clause, as it did not amount to a prosecution for those offenses. Id. at 384. Thus, the Court ruled, implicitly if not explicitly, that even if the defendant had been acquitted of the charges in the Missouri trial, such evidence would still have been admissible in the trial of the defendant in Oklahoma because the

relevance of the evidence offered under Rule 404(b) is governed by a lower standard of proof than that required for a conviction. Id. at 385-392; see also United States v. Dowling, 493 U.S. 342, 348-50 (1990) (evidence of defendant's commission of other bank robbery admissible in defendant's separate bank robbery trial to establish identity and intent; fact that defendant had been acquitted of prior charge, and doctrine of collateral estoppel, did not preclude admission of 404(b) evidence as prior acquittal did not determine ultimate issue in present case or issue of identity in prior case). Accordingly, the government submits that evidence of defendant Lawrence's cocaine and contraband possession in his residence on or about January 18, 2001, should be admissible, consistent with Rule 404(b), to prove his intent, knowledge, plan, and absence of mistake to conspire and commit drug trafficking between December 1999 and July 2001.

Finally, the Rule 404(b) evidence should be admissible because the probative value of the evidence substantially outweighs any prejudicial effect to the defendant. The extent of any prejudice, or the potential misuse of such evidence by the jury, will effectively be eliminated by curative instructions by the Court before or immediately after the introduction of this evidence at trial and during the final instructions to the jury. See United States v. Long, 328 F.3d at 662 (Rule 404(b) evidence not substantially outweighed by danger of unfair prejudice under Rule 403 where witnesses' testimony concerned strikingly similar conduct, government had need to respond to defense, and district court gave limiting instructions to the jury); see also United States v. White, 116 F.3d 903, 917-18 (D.C. Cir. 1997) (jurors are presumed to follow the court's instructions).

WHEREFORE, the government respectfully requests that the Court permit, pursuant to Rule 404(b), the introduction of the above-noted evidence in the government's case-in-chief.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. BAR NUMBER 451058

BY: _____
KENNETH F. WHITTED
Assistant U.S. Attorney
Bar Number 430346
555 4th Street, NW, # 4106
Washington, D.C. 20530
(202) 514-7298

**CERTIFICATE OF SERVICE**

    I hereby certify that this <u>24th day of February</u>, a copy of the foregoing was served by electronic mail on counsel for the defendant as follows:

John Jeffress, Esquire
Federal Public Defender Service
625 Indiana Avenue, NW, Suite 550
Washington, D.C. 20004

                                                                                                 _____
                                                                                                 KENNETH F. WHITTED
                                                                                                  Assistant United States Attorney