UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 05-456 (RWR) |
| | : | |
| RAOUL LAWRENCE, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MOTION REGARDING RULE 609 ADMISSIBILITY

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Motion Regarding Rule 609 Admissibility. In support thereof, the United States submits the following points and authorities and any other such evidence or argument as may be adduced at a hearing on this Motion.

### FACTUAL BACKGROUND

On August 28, 2001, defendant Raoul Lawrence was convicted of possession with the intent to distribute a controlled substance in the state of Maryland and he received a ten-year sentence, five years of which was suspended, and three years' probation. He was released from custody on November 5, 2004, and he is currently on parole. The government seeks permission to impeach the defendant, should he testify, with his conviction, pursuant to Federal Rule of Evidence 609.

**ARGUMENT**

I.     The Government Should Be Permitted to Impeach With the Prior Conviction

Federal Rule of Evidence 609(a) allows for the introduction of felony convictions to attack the credibility of the defendant in a criminal case, subject to the requirements of Federal Rule of Evidence 403 (requiring balancing of probative value and prejudicial effect of evidence). Fed. R. Evid. 609(a). The rule specifically provides that two types of prior convictions are admissible. First, any conviction of any crime punishable by more than one year imprisonment "shall be admitted if the [trial] court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). Second, any crime involving "dishonesty or false statement" shall be admitted, regardless of the punishment. Fed. R. Evid. 609(a)(2). The rule curtails the admissibility of felony convictions where the date of conviction or of the release from confinement imposed for the conviction is more than ten years old. Fed. R. Evid. 609(b). Thus, the very specific limits of Rule 609 suggest a broad standard of admissibility of convictions which do not run afoul of those limits. The implication of those strict limits is that all felony convictions which occurred within ten years do bear upon credibility and are admissible for impeachment purposes under Rule 609(a)(1). Fed. R. Evid. 609(a). However, Federal Rule of Evidence 609(b) allows the admissibility of felony convictions where the date of conviction or of the release from confinement imposed for the conviction is more than ten years old if the court determines, in the interests of justice, that the probative value of the conviction substantially outweighs its prejudicial effect. Fed. R. Evid. 609(b).

The defendant's 2001 possession with the intent to distribute a controlled substance conviction was for a felony for which the punishment was greater than one year. He also was

released from custody for this conviction in November 2004 and he is currently on parole having to serve a three-year term of probation. As such, the defendant has been free from confinement – or free from under the supervision of the criminal justice system – for a term of less than ten years. See United States v. Gray, 852 F.2d 136, 139 (4th Cir. 1998); United States v. Brewer, 451 F. Supp. 50, 52-53 (ED Tenn. 1978). Having passed this initial threshold for admissibility, Rule 609(a) requires the Court to balance the probative value against the prejudicial effect to the defendant. The analysis of this issue must begin with the presumption that the convictions are somewhat probative of the defendant's credibility. United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983).

In Lipscomb, the D.C. Circuit Court of Appeals conducted an exhaustive review of the legislative history of Rule 609, noted that "Congress believed that all felonies have some probative value on the issue of credibility," and held that "all felony convictions are probative of credibility to some degree." 702 F.2d at 1062 (emphasis added). Such convictions are particularly probative where, as here, a defendant's credibility is a central issue in the case should he or she choose to testify at trial. Id. at 1071. The effect of prior convictions upon a juror's evaluation of witness testimony is well documented. The serious nature of the defendant's prior offense may be considered by the jury as indicative of his or her lack of veracity as it is extremely probative of a defendant's respect for the law and is directly relevant to an examination of credibility. The government should, therefore, be entitled to challenge the defendant's credibility with his prior felony conviction for which he was convicted less than ten years before the date of his offense conduct or trial in this case and for which he was in custody or on probation for a term of less than ten years before trial. The probative value far outweighs any prejudice to this defendant and any prejudice can be cured by an appropriate cautionary instruction to the jury by the Court.

Accordingly, the United States should be allowed to impeach the defendant with his 2001 felony narcotics conviction should he testify.

WHEREFORE, the government respectfully requests that the Court permit the government to impeach the defendant with his prior conviction, if he decides to testify.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. BAR NUMBER 451058

BY: _____
KENNETH F. WHITTED
Assistant U.S. Attorney
Bar Number 430346
555 4th Street, NW, # 4106
Washington, D.C. 20530
(202) 514-7298