UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 05-456 (RWR) |
| v. : | |
| RAOUL LAWRENCE, : | VIOLATION: 21 U.S.C. § 846 |
| also known as Bey-Boy, : | (Conspiracy to Distribute and Possess With Intent |
| also known as Bey, : | to Distribute and Distribution of 50 Grams or More |
| : | Of Cocaine Base and Cocaine) |
| Defendant. : | |

FILED

JUL 14 2006

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

## GOVERNMENT'S PROFFER OF EVIDENCE

If this case were to go to trial, the government's evidence would show beyond a reasonable doubt that:

1. Between December of 1999 and July of 2001, in the District of Columbia, and the state of Maryland, Raoul Lawrence, the defendant, did knowingly and intentionally agree together with Thomas Jackson, also known as Skeeter, and others to unlawfully, knowingly and intentionally distribute and possess with intent to distribute 1500 grams or more of cocaine base, also known as crack, and at least 500 grams of cocaine, Schedule II narcotic drug controlled substances. During the period of the conspiracy, Lawrence used a paging device and cellular telephones to facilitate illegal drug trafficking with co-conspirators in Washington, D.C., and its metropolitan area, and these communication devices were specifically used to request controlled substances in various quantities, to include 31 gram and 62 gram quantities, and to arrange meeting locations for the receipt and payment for cocaine and cocaine base. The locations for some of these drug transactions included 200 K Street, Northwest, and 4th and Rhode Island Avenue, Northeast, Washington, D.C.

2. The cocaine base and cocaine that Lawrence received during the conspiracy were for redistribution purposes and the cocaine base he and his co-conspirators received and distributed was the type of illegal substance that drug addicts commonly possess, ingest, and smoke as crack cocaine in the District of Columbia and its metropolitan area.

3. The foregoing proffer of evidence is not intended to be an exhaustive statement of all facts known by the defendant relating to each incident or as to other matters relevant to the above-described enterprise. The foregoing proffer of evidence is only a limited statement of facts necessary to support the defendant's plea of guilty.

_____
KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. BAR NO. 451058

BY: _____
KENNETH F. WHITTED
ASSISTANT U.S. ATTORNEY
D.C. BAR NO. 430346
(202) 514-7298

### DEFENDANT'S ACCEPTANCE

I have read the Government's Proffer of Evidence setting forth the facts as to my participation in a conspiracy to possess with intent to distribute and distribution of cocaine base and cocaine, in violation of Title 21, United States Code, Section 846. I have discussed this proffer fully with my attorney, Jennifer Wicks, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 7/14/06        _____
                     RAOUL LAWRENCE
                     Defendant

### ATTORNEY'S ACKNOWLEDGMENT

I have read the government's proffer of evidence as to my client's participation in a narcotics conspiracy. I have reviewed the entire proffer with my client and have discussed it with him fully. I acknowledge my client's agreement with and acceptance of this proffer.

Date: 7/14/06        _____
                     JENNIFER WICKS, ESQUIRE
                     Counsel for Defendant