

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*



---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 23, 2006

Jennifer Wicks, Esq.
The Webster Building
503 D Street, NW, Suite # 250A
Washington, D.C. 2001

FILED

JUL 14 2006

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re:   **U.S. v. Raoul Lawrence**
      **CR: 05-456 (RWR)**

Dear Ms. Wicks:

This letter represents the plea offer being extended to your client, Raoul Lawrence, by the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

Raoul Lawrence's Obligations, Acknowledgments and Waivers:

1. Your client, Raoul Lawrence, agrees to admit guilt and enter a plea of guilty to count one of the indictment charging conspiracy to possess with the intent to distribute and distribution of 50 grams or more of cocaine base, also known as crack cocaine, and a quantity of cocaine, in violation of Title 21, U.S.C. Sections 846, 841(a)(1), 841(b)(1)(A)(iii) and 841(b)(1)(C). Your client understands that pursuant to Title 21, U.S.C. Sections 846, 841(a)(1), and 841(b)(1)(A)(iii), the charge carries a mandatory minimum term of imprisonment of 10 years, and a maximum term of imprisonment of life, a term of supervised release of at least five years, and a fine of up to $4,000,000. In addition, your client agrees to pay a special assessment of $100.00 to the Clerk of the United States District Court for the District of Columbia. Your client further understands that he will be sentenced according to 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which will apply to determine your client's guideline range. Your client further understands that pursuant

to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Furthermore, your client understands that if he has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions fo the Sentencing Guidelines.

2. Your client agrees and will acknowledge at that time of the plea of guilty to the criminal charge in violation of 21 U.S.C. § 846 that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for at least 1.5 kilograms (1500 grams) of cocaine base, also known as crack, and at least 500 grams of cocaine hydrochloride. These quantities represent the total amount of controlled substances involved in your client's relevant criminal conduct, including amounts of illegal drugs your client possessed with the intent to distribute and distributed, and amounts of drugs possessed with the intent to distribute or distributed by your client's co-conspirators pursuant to jointly undertaken criminal activity that was reasonably foreseeable by your client and within the scope of the conspiratorial agreement.

3. Your client acknowledges that the Government will seek your client's custody pending sentencing; however, the final decision concerning your client's bond status or detention will be made by the Court at the time of your client's plea of guilty.

4. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense to which your client is pleading guilty; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

5. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the <u>United States Sentencing Commission's Guidelines Manual</u>. Your client further understands that in that case, the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

6. Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client

acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

The Government's Obligations, Acknowledgments, and Waivers:

8. The Government agrees not to file any applicable enhancement papers, pursuant to 21 U.S.C. § 851(a).

9. Provided that your client is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement official, the Court, the Probation Office, or the Government concerning any issue relevant to the imposition of sentence, the United States agrees not to oppose your client's position at sentencing that your client's base offense level should be decreased by two (2) levels based upon your client's acceptance of responsibility, pursuant to Section 3E1.1(a) of the Federal Sentencing Guidelines. The United States also agrees to file a motion, pursuant to Section 3E1.1(b) of the Guidelines, which requests and authorizes the Court to decrease your client's base offense level by one (1) additional point provided that your client cooperates by timely providing complete information to the government concerning his involvement in the offense of conviction, and provided that he notifies the government in a timely fashion of his intention to plead guilty. Your client also agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his plea of guilty in this case.

General Conditions

10. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

11. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; the Immigration and Naturalization Service of the Department of Justice; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

12. There are no other agreements, promises, understandings, or undertakings between your client and the Government. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

*Kenneth L. Wainstein*
KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
BAR NO. 451058

BY: *K.F. Whitted*
KENNETH F. WHITTED
ASSISTANT U.S. ATTORNEY
Bar No. 430346
(202) 514-7298

## DEFENDANT'S ACCEPTANCE

I have read this 5-page plea agreement and have discussed it with my attorney, Jennifer Wicks, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 7/14/06

_____
RAOUL LAWRENCE
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I acknowledge my client's desire to plead guilty and cooperate with the Government as set forth in this agreement.

Date: 7/14/06

_____
JENNIFER WICKS, ESQ.
Attorney for the Defendant