UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 05-456-01 (RWR) |
| | : | |
| RAOUL LAWRENCE, | : | |
| | : | |
| Defendant | : | |

GOVERNMENT'S RESPONSIVE SENTENCING MEMORANDUM
CONCERNING DEFENDANT'S
MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, respectfully submits this response memorandum concerning the defendant's memorandum in aid of sentencing. The United States submits the following points and authorities and such other points and authorities that may be cited at any hearing concerning this matter.

FACTUAL BACKGROUND

Between December of 1999 and July of 2001, in the District of Columbia, and the state of Maryland, Raoul Lawrence, the defendant, did knowingly and intentionally agree together with Thomas Jackson, also known as Skeeter, and others to unlawfully, knowingly and intentionally distribute and possess with intent to distribute 1500 grams or more of cocaine base, also known as crack, and at least 500 grams of cocaine. During the conspiracy, Lawrence used a paging device and cellular telephones to facilitate illegal drug trafficking with co-conspirators in Washington, D.C., and its metropolitan area. These communication devices were specifically used to request controlled substances in various quantities, including 31 gram and 62 gram quantities. These devices were also

used to arrange meeting locations for the receipt and payment for illegal narcotics. The locations for some of these drug transactions included 200 K Street, Northwest, and 4th and Rhode Island Avenue, Northeast, Washington, D.C.

Lawrence has one prior felony drug conviction, an August 14, 2001, conviction for possession with the intent to distribute a controlled substance. This conviction, which resulted from a guilty plea, stemmed from a January 18, 2001, execution of a search warrant at Lawrence's residence located at 4305 57th Avenue, Apt. 10, Bladensburg, Maryland. On this occasion, officers recovered 510 grams of cocaine base (crack), 2.5 ounces of phencyclidine (pcp), and drug paraphernalia from inside the residence. For this conviction, defendant Lawrence received 10 years' incarceration, five years of which was suspended followed by three years' probation.[1]

## ARGUMENT

   I.   The defendant's request to reduce
        his sentence should be denied.

On October 10, 2006, defendant Raoul Lawrence filed a sentencing memorandum which essentially requested this Court to sentence him below the 135 to 168 month guideline range recommended by the Federal Sentencing Guidelines because there is a disparity in sentencing ranges, pursuant to the Guidelines, between those individuals convicted of crimes involving cocaine base (crack cocaine), all of whom are traditionally black, and those individuals convicted of crimes

---

[1] It appears that on August 14, 2001, the defendant received 14 days credit for time served in conjunction with this sentence. The defendant was released from custody on November 5, 2004, after he served approximately three years and three months' incarceration.

involving cocaine hydrochloride (powder cocaine).[2]  He also requests leniency from this Court because his January of 2001 conviction in Maryland for possession with the intent to distribute a controlled substance (cocaine base) relates to the offense of conviction in this case, that is, conspiracy to possess with the intent to distribute and distribution of cocaine base and cocaine. These requests, to a significant degree, should be denied.

First, the defendant's request for leniency for any so-called disparate treatment within the Guidelines between defendants convicted of offenses involving cocaine base and defendants convicted of offenses involving powder cocaine lacks merit.  This request, like statistical information on this subject contained within special reports to Congress and the Sentencing Commission, has been rejected in this jurisdiction as a basis for a departure within the Guidelines and, as such, a reduction of a defendant's sentence.  See United States v. Anderson, 82 F.3d 436, 440-42 (D.C. Cir. 1996); see also In re: Sealed Case, 292 F.3d 913 (D.C. Cir. 2002) (The Sentencing Guidelines are designed to allow courts to depart only in atypical cases, and because the crack/powder disparity is implicated in all cocaine cases, the disparity cannot be sufficient to take the case out of the Guidelines' heartland); United States v. Webb, 134 F.3d 403, 407-08 (D.C. Cir. 1998) ("[D]isproportionality does not, in itself, provide an appropriate basis for a downward departure.").  The 100:1 ratio is a matter of policy, and this policy matter is designed for Congress, not the trial courts, to decide.  United States v. Pho, 433 F.3d 53, 62 (1st Cir. 2006).  Federal courts

---

[2]  More specifically, the defendant asserts that he should receive a more lenient sentence because there is a 100:1 ratio between powder cocaine and cocaine base (crack), convictions related to powder cocaine and crack appear to follow along a racial fault line, and blacks are characteristically far more subject to severe crack penalties.  The defendant also suggests, implicitly at least, that this disparity, in conjunction with the Safety Valve (18 U.S.C. § 3553(f)), provides a basis for a sentence below the ten-year mandatory minimum sentence determined by federal statute.

are bound by Congress' policy judgments, including judgments concerning the appropriate penalties for federal crimes, see United States v. Eirby, 262 F.3d 31, 41 (1st Cir. 2001), and nothing in United States v. Booker, 543 U.S. 220 (2005), altered this distribution of authority over sentencing policy. Pho, 433 F.3d at 62. Booker established that a district court may exercise discretion in fashioning sentences, but that discretion was meant to operate only within the ambit of the individualized factors spelled out in 18 U.S.C. § 3553(e). Id.; see also Booker, 543 U.S. at 258-263. Moreover, the trial court, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. Id. at 264. Accordingly, defendant Lawrence's request in this case for a departure within the Guidelines, or a reduction of his sentence, on the basis of the crack to powder cocaine disparity should be denied.

The defendant's additional claim that he should receive leniency at sentencing, or a significant reduction of his prison sentence, because his conviction in this case relates to criminal conduct that resulted from his January of 2001 narcotics conviction in Maryland should, to a certain degree, also be denied. The defendant's sentence in August of 2001 concerned his possession of crack and drug paraphernalia inside his Maryland residence on January 18, 2001. It did not relate to his involvement in a narcotics conspiracy with Thomas Jackson and others in the District of Columbia between December of 1999 and July of 2001. This particular conspiracy involved 1500 grams or more of crack and at least 500 grams of cocaine hydrochloride being possessed or distributed in the District of Columbia while the defendant's Maryland conduct related to his possession of 510 grams of crack, 2.5 ounces of phencyclidine, and drug paraphernalia.[3]

---

[3] The government's evidence supports the conclusion that the crack cocaine the defendant possessed inside his residence did not come from his supplier, Thomas Jackson.

Accordingly, this defendant is accountable in this case for repeated and prolonged criminal conduct in Washington, D.C., over and above the criminal conduct committed in Maryland on one particular date, January 18, 2001. Accordingly, his prison sentence before this Court, with consideration of the guideline range, should reflect this fact.

Finally, any additional factors suggested in the defendant's sentencing memorandum, such as the defendant's family ties to his mother and two children, do not provide a basis for departure or a reduction in incarceration. See Koon v. United States, 518 U.S. 81, 98 (1996) (departures are rare and reserved for the exception that takes the case out of the "heartland" of cases for which defendants receive similar sentences); see also United States v. Dyce, 91 F.3d 1462, 1467 (D.C. Cir. 1996) (where court determined that a sentencing departure was not warranted even though the defendant was the single mother of three children under the age of four years old and the defendant's incarceration would require the children to remain in a foster care home); United States v. Bahena, 223 F.3d 797, 810 (8th Cir. 2000) (where the defendant's status as the sole provider for the family, and the sole parent for teenage sons who would be forced to live in Mexico in "quite desperate" conditions if the defendant was incarcerated, did not merit a departure and reduction of the defendant's sentence); United States v. Reed, 882 F.2d 147, 151 (5th Cir. 1989) (holding that a sentencing departure is not justified because of the district court's assessment of defendant that "there is something good in you."). Accordingly, the United States asserts that the defendant's sentencing memorandum does not provide a legitimate basis for a departure within the Federal Sentencing Guidelines and a significant, if any, reduction of any sentence before the Court.

WHEREFORE, the United States submits this responsive sentencing memorandum for the October 23, 2006, sentencing hearing for the defendant.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY
        D.C. BAR # 498610

BY: _____
        KENNETH WHITTED
        ASSIST ANT U.S. ATTORNEY
        D.C. Bar # 430346
        555 4th Street, NW, Suite # 4106
        Washington, D.C. 20530
        (202) 514-7298

## CERTIFICATE OF SERVICE

     I hereby certify that on this <u>12th</u> day of <u>October 2006</u> a copy of the foregoing was served by electronic mail on counsel for the defendant as follows:

Jennifer Wicks, Esq.
The Webster Building
503 D Street, NW, Suite # 250A
Washington, D.C. 20001

                                                              _____
                                                              KENNETH F. WHITTED
                                                              Assistant United States Attorney