UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 05-456-01 (RWR) |
| | : | |
| RAOUL LAWRENCE, | : | |
| | : | |
| Defendant | : | |

## GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, respectfully submits this supplemental sentencing memorandum. The United States submits the following points and authorities and such other points and authorities that may be cited at any hearing concerning this matter.

## FACTUAL BACKGROUND

Between December of 1999 and July of 2001, in the District of Columbia, and the state of Maryland, Raoul Lawrence, the defendant, did knowingly and intentionally agree together with Thomas Jackson, also known as Skeeter, and others to unlawfully, knowingly and intentionally distribute and possess with intent to distribute 1500 grams or more of cocaine base, also known as crack, and at least 500 grams of cocaine. During the conspiracy, Lawrence used a paging device and cellular telephones to facilitate illegal drug trafficking with co-conspirators in Washington, D.C., and its metropolitan area. These communication devices were specifically used to request controlled substances in various quantities, including 31 gram and 62 gram quantities. These devices were also used to arrange meeting locations for the receipt and payment for illegal narcotics. The locations for

some of these drug transactions included xxx x Street, Northwest, and 4th and Rhode Island Avenue, Northeast, Washington, D.C.

## ARGUMENT

I. Application of the safety valve statute permits the Court to sentence without regard to any mandatory guideline range and mandatory minimum sentence.

On June 28, 2006, defendant Raoul Lawrence pleaded guilty to conspiracy to possess with the intent to distribute and distribution of 50 grams or more of cocaine base and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846. He is scheduled for sentencing on November 3, 2006. Upon any application of the requirements of the safety valve statute, 18 U.S.C. § 3553(f), defendant Lawrence is entitled to be sentenced without regard to the mandatory minimum. Stated differently, he is entitled to be sentenced with consideration of the Federal Sentencing Guidelines, and with any application of the safety valve statute, he can be sentenced either below or above any mandatory minimum term of incarceration.[1]

Mandatory minimum sentences are constitutional. Harris v. United States, 536 U.S. 545, 568-69 (2002). Congress, however, specifically granted district courts the authority to sentence below a prescribed mandatory minimum sentence in limited circumstances, such as in the case where a defendant has a little or no criminal history and he or she met certain specified criteria. See 18 U.S.C. §§ 3553(f); U.S.S.G. § 5C1.2. Pursuant to the safety valve provision, once a defendant satisfies the criteria, the court is directed to impose a Guideline sentence. The statute directs that

---

[1] The basic purpose of the safety valve statute is to spare less culpable participants in drug trafficking enterprises from mandatory sentences that would be disproportionate to the defendant's culpability. In re Sealed Case (Sentencing Guidelines' "Safety Valve"), 105 F.3d 1460, 1462-63 (D.C. Cir. 1997).

"the court shall impose a sentence pursuant to the guidelines . . . without regard to any statutory minimum sentence . . . ." 18 U.S.C. § 3553(f).

The Supreme Court in United States v. Booker, 543 U.S. 220 (2005), did not strike down the safety valve statute's application in the removal of a mandatory minimum term of incarceration. In Booker, the Supreme Court held that the Federal Sentencing Guidelines violated the defendant's Sixth Amendment right to a jury trial by requiring a judge to find facts that resulted in a legally required lengthier sentence for the defendant. Booker, 543 U.S. at 244. Booker also held that in cases where this constitutional defect exists, the remedy is to sever the two provisions of the Act that make the Guidelines mandatory, thus making the rest of the sentencing scheme preserved. Id. at 245-46. The Supreme Court in Booker concluded that it is appropriate to sever and excise those portions of the Act which make sentencing courts impose a sentence within an applicable guideline range (in the absence of circumstances that justify a departure) and retain those portions of the Act that are constitutionally valid, capable of functioning independently, and are consistent with Congress' basic objectives in enacting the statute. Id. at 258-59.[2]

In this case, Booker, which effectively nullified the United States Code provisions that rendered the Guidelines mandatory, is controlling concerning the application of any mandatory guideline range in relation to any implementation of the safety valve statute. See Booker, 543 U.S. at 258-59. In that sense, "[r]ather then read the safety valve provision as containing a defect, it is far better to read the provision [of the statute which requires the court to impose a sentence pursuant

---

[2] In Booker, the Supreme Court excised the two parts of the Sentencing Reform Act that rendered the mandatory Guidelines unconstitutional: the part in 18 U.S.C. § 3553(b)(1) making the Guidelines binding on the sentencing court; and that part in § 3742(e) requiring de novo review of sentences on appeal. Booker, 543 U.S. at 259.

to the guidelines] as simply incorporating advisory Guidelines." United States v. Duran, 383 F.Supp. 2d 1345, 1347 (D. Utah 2005). Accordingly, once this Court accepts a particular guideline range for the defendant, the Court can – with consideration of the Guidelines' relationship to the sentencing factors outlined in 18 U.S.C. § 3553(a) – sentence the defendant above or below the mandatory minimum sentence upon any application of the safety valve statute. See United States v. Castillo, 460 F.3d 337, 354 (2nd Cir. 2006) (holding that 18 U.S.C. § 3553(e) does not require the imposition of a Guidelines sentence if the district court finds the defendant eligible for safety valve relief and the defendant's eligibility for safety valve relief will avoid a mandatory minimum sentence); United States v. Duran, 383 F.Supp. 2d at 1345-47 (finding unpersuasive the argument that the Guidelines remain nonetheless mandatory when the court proceeds under the safety valve, and holding that once the court consults the Guidelines, any resulting sentence is "pursuant to" the Guidelines" and consistent with the statute); United States v. Cherry, 366 F.Supp. 2d 372, 375-76 (E.D. VA 2005) (holding that the mandatory application of the guidelines pursuant to the safety valve provision creates same unconstitutional problems nullified in Booker and finding that the guideline range determined under 18 U.S.C. § 3553(f) should be advisory and considered with the other factors of § 3553(a)).

The particular interpretation that the district court must sever or excise that portion of the safety valve's requirement that a district court "shall impose" a sentence "pursuant to" the Guidelines if it finds that the defendant met the safety valve eligibility requirements is consistent with what other jurisdictions have done concerning other aspects of 18 U.S.C. § 3553. For example, 18 U.S.C. § 3553(e) contains specific sentencing provisions applicable to child crimes and sexual offenses. See 18 U.S.C. § 3553(b)(2)(A) ("In sentencing a defendant of [certain child crimes and sexual

offenses], the court shall impose a sentence of the kind, and within the range, referred to in [18 U.S.C. § 3553](a)(4)."). In United States v. Selioutsky, 409 F.3d 114 (2nd Cir. 2005), the court noted that both § 3553(b)(1) and § 3553(b)(2) mandate the use of the applicable guideline range. Id. at 116-17. The court also found that the mandatory use of the guidelines triggered constitutional objections consistent with Booker. Id. at 117. Consequently, the court in Selioutsky concluded that it was necessary to excise § 3553(b)(2) and make the guideline range advisory for the offenses described therein. Id. at 117-18. Accordingly, the Court in this case must, upon any finding that the is safety valve applicable, excise that portion of the statute which requires the Court to sentence defendant Lawrence to a particular guideline range and sentence the defendant with consideration of the Guidelines, but without regard to any mandatory minimum.

WHEREFORE, the United States submits this supplemental sentencing memorandum for the November 2, 2006, sentencing hearing.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. BAR # 498610


BY: _____
KENNETH WHITTED
ASSIST ANT U.S. ATTORNEY
D.C. Bar # 430346
555 4th Street, NW, Suite # 4106
Washington, D.C. 20530
(202) 514-7298

**CERTIFICATE OF SERVICE**

     I hereby certify that on this <u>30th day of October 2006</u> a copy of the foregoing was served by electronic mail on counsel for the defendant as follows:

Jennifer Wicks, Esq.
The Webster Building
503 D Street, NW, Suite # 250A
Washington, D.C. 20001

                                                                                   _____
                                                                                  KENNETH F. WHITTED
                                                                                  Assistant United States Attorney